UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2005 MAY -4 P 1:03

SIGN_____
BY DEPUTY CLERK

| | | |
|---|---|---|
| SHAUN JONES | * | |
| | * | |
| versus | * | CIV. ACTION NO. 3:05-cv-308-D-M3 |
| | * | |
| YOUR OTHER WAREHOUSE LLC | * | |
| AND HOME DEPOT U.S.A., INC. | * | |

## ANSWER AND DEFENSES

NOW INTO COURT, through undersigned counsel, come Defendants, Your Other Warehouse LLC ("YOW") and Home Depot U.S.A., Inc. ("Home Depot"), who respectfully submit the following Answer and Defenses in response to the Complaint filed in this action:

### FIRST DEFENSE

With respect to some or all of Plaintiff's claims, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Home Depot is not a proper party to this suit, as it did not employ Plaintiff.

### THIRD DEFENSE

Plaintiff was paid all wages due him under federal law. However, in the unlikely event that Plaintiff could show that Defendants acted in violation of the Fair Labor Standards Act ("FLSA"), such action was not willful or reckless but, rather, was in good faith and based upon a reasonable belief that such action was not a violation of the FLSA; thus, neither liquidated damages nor a three-year statute of limitations would be warranted.

## FOURTH DEFENSE

Plaintiff was paid all wages due him under state law. However, in the unlikely event that Plaintiff could show that Defendants acted in violation of state law, such action was not willful or reckless but, rather, was in good faith and based upon a reasonable belief that such action was not a violation of the state laws; thus, no penalties or fees should be assessed to Defendants.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent that he failed to exhaust any available administrative remedies prior to filing this suit.

## SIXTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, Plaintiff has failed to mitigate or minimize his alleged damages.

## SEVENTH DEFENSE

Defendants are not liable for punitive or liquidated damages under federal or state law because neither Defendant, nor any management level employee, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights or approved, authorized, ratified, or had any actual knowledge of such acts.

## EIGHTH DEFENSE

Plaintiff's alleged damages may not exceed the statutory cap.

## NINTH DEFENSE

To the extent that Plaintiff suffered any injuries, which is denied, any injury caused to Plaintiff was due in whole or in part to his own actions or inaction and/or negligence or acts of third parties.

## TENTH DEFENSE

Defendants deny every allegation, whether express or implied, that is not unequivocally and specifically admitted in this Answer.

## ELEVENTH DEFENSE

Defendants reserve the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

**AND NOW**, further answering, Defendants respond as follows to the individually numbered paragraphs of the Complaint:

## INTRODUCTION

Defendants are not called upon to admit or deny the allegations contained in the introductory paragraph of the Complaint. However, out of an abundance of caution, Defendants deny the allegations contained in the introductory paragraph of the Complaint for lack of sufficient information to justify a belief therein.

I.

Defendants admit the allegations contained in Paragraph I of the Complaint.

II.

Defendants admit the allegations contained in Paragraph II of the Complaint.

III.

Defendants admit that Plaintiff was occasionally asked to come in earlier than scheduled and that one of the ways in which he had access to the YOW warehouse was through an access card that could be scanned at the warehouse entrance to unlock the doors. Defendants deny the remaining allegations contained in Paragraph III of the Complaint.

IV.

Defendants deny the allegations contained in Paragraph IV of the Complaint for lack of information to justify a belief therein. Defendants further aver that there was more than one means of access to the YOW warehouse and that if Plaintiff's access card malfunctioned he could have accessed the warehouse through the public entrance in the lobby.

V.

Defendants deny the allegations contained in Paragraph V of the Complaint.

VI.

Defendants admit that Plaintiff was a full time non exempt employee when he worked at YOW. Defendants deny the remaining allegations contained in Paragraph VI of the Complaint. Defendants further aver that Plaintiff was paid all wages owed to him upon termination.

VII.

Defendants deny the allegations contained in Paragraph VII of the Complaint, which was incorrectly numbered as a second Paragraph VI in the Complaint.

**PRAYER FOR RELIEF**

Defendants are not called upon to affirm or deny Plaintiff's prayer for relief but affirmatively state that there are no grounds in fact or law that warrant the granting of Plaintiff's prayer for relief, that his prayer is neither appropriate nor justified, and that Plaintiff is not entitled to any of the relief requested.

WHEREFORE, Defendants, Your Other Warehouse LLC and Home Depot U.S.A., Inc., respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and award Defendants their costs and attorneys' fees incurred in this action and any other such relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Cornelius R. Heusel/*

Cornelius R. Heusel, T.A. (La# 06849)
Charlotte S. Marquez (La# 25865)
JONES, WALKER, WAECHTER,
  POITEVENT, CARRÉRE &
  DENÉGRE, L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8015

and

Michele Whitesell Crosby (La# 20152)
JONES, WALKER, WAECHTER,
  POITEVENT, CARRÉRE &
  DENÉGRE, L.L.P.
Four United Plaza, Fifth Floor
8555 United Plaza Blvd.
Baton Rouge, Louisiana 70809
Telephone: (225) 248-2092
Facsimile: (225) 248-3092
**Attorneys for Defendants
Your Other Warehouse LLC and
Home Depot U.S.A., Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 4th day of May, 2005, a true and correct copy of the above and foregoing pleading was served upon the attorney of record for Plaintiff, Gregory J. Miller, by U.S. Mail postage prepaid and properly addressed as follows:

Gregory J. Miller
3960 Government Street
Baton Rouge, LA 70806

*/s/ Cornelius R. Heusel/*